No. 24-3118

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

Taylor E. Barlow,

*Plaintiff-Appellant*,

v.

Town of Colorado City,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the District of Arizona
Case No. 3:23-cv-08506-SMB
The Honorable Susan M. Brnovich

_____

## APPELLANT'S OPENING BRIEF

_____

Matthew I. Barlow
The Barlow Law Firm, LLC
HC 65 Box 537
3285 S. Hwy 389, #101
Fredonia, Arizona 86022
Tel: (928) 857-7500
Fax: (928) 779-2588
Email: matt@barlowlawgroup.com
*Attorney for Plaintiff-Appellant Taylor E. Barlow*

## DISCLOSURE STATEMENT

Appellant is not required to submit a Disclosure Statement pursuant to

FRAP 26.1.

Date: June 25, 2024

The Barlow Law Firm, LLC

*/s/ Matt Barlow*
Matthew I. Barlow
*Attorney for Appellant Taylor E. Barlow*

i

# TABLE OF CONTENTS

**Page**

DISCLOSURE STATEMENT ............................................................... i

TABLE OF AUTHORITIES ............................................................... iv

INTRODUCTION ............................................................... 1

JURISDICTIONAL STATEMENT ............................................................... 4

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................. 5

STATEMENT OF THE CASE ............................................................... 5

SUMMARY OF THE ARGUMENT ............................................................... 9

STANDARD OF REVIEW ............................................................... 10

ARGUMENT ............................................................... 11

I.   THE DISTRICT COURT ERRED WHEN IT DISMISSED THE
     COMPLAINT UNDER THE DOCTRINE OF CLAIM
     PRECLUSION. ............................................................... 11

     A.   IDENTITY OF CLAIMS – The Prior Action and the Current
          Action did NOT arise out the same transactional nucleus of
          operative facts because claim preclusion does not apply to
          events post-dating the filing of the initial complaint. ............... 12

     B.   PRIVITY – There is no privity between AZPOST and the
          Town because the Town and AZPOST's interests in the Prior
          Action were adversarial. ............................................................... 15

II.  THE DISTRICT COURT ERRED IN RULING THAT TAYLOR
     FAILED TO SATISFY THE *MONELL* STANDARD HOLDING
     THE TOWN LIABLE. ............................................................... 16

     A.   Taylor satisfied the *Monell* liability standard because the Town
          has a custom or policy to remove all police officers affiliated
          with the FLDS and Police Chief Radley has final-policy making
          authority to hire and fire the Town's police officers. ............... 17

ii

III.   THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT
       RULED THAT TAYLOR WAS NOT PERMITTED TO AMEND
       HIS COMPLAINT ...................................................................20

       A.    The Town was not required to terminate Taylor's employment
             for the sole fact that he was not certified in Arizona. ...............20

CONCLUSION .........................................................................................21

STATEMENT OF RELATED CASES ....................................................22

CERTIFICATE OF COMPLIANCE FOR BRIEFS .............................23

CERTIFICATE OF SERVICE ...............................................................24

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)..........18

*Bank of N.Y. v. First Millennium, Inc*., 607 F.3d 905 (2d Cir. 2010)......................13

*Bates ex rel. Bates v. Mortg. Elec. Registration Sys.*, 694 F.3d 1076 (9th Cir. 2012) ...................................................................................................10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)....................................................................................................19

*Clouthier v. County of Santa Clara*, 591 F.3d 1232 (9th Cir. 2010)......................17

*Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018)....................................................18

*Dougherty v. City of Covina*, 654 F.3d 892 (9th Cir. 2011)..................................10

*Est. of Osuna v. Cnty. of Stanislaus*, 392 F. Supp. 3d 1162 (E.D. Cal. 2019).........17

*Gordon v. Cnty. of Orange*, 6 F.4th 961 (9th Cir. 2021).......................................17

*Harris v. Cnty. of Orange*, 682 F.3d 1126 (9th Cir. 2012)........................ 11, 12, 15

*Howard v. City of Coos Bay*, 871 F.3d 1032, (9th Cir. 2017) ......................... 13, 14

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)........................................................20

*Manning v. City of Auburn*, 953 F.2d 1355 (11th Cir. 1992) .................................14

*Mitchell v. City of Moore*, 218 F.3d 1190 (10th Cir. 2000)....................................14

*Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978) ...................................... passim

*Morgan v. Covington Twp*., 648 F.3d 172 (3d Cir. 2011) .......................................13

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)....................................................................................................17

*People v. Drinkhouse*, 4 Cal.App.3d 931, 84 Cal.Rptr. 773 (1970).......................15

*ProShipLine Inc. v. Aspen Infrastructures Ltd*., 609 F.3d 960 (9th Cir. 2010).......13

*Rawe v. Liberty Mut. Fire Ins. Co*., 462 F.3d 521 (6th Cir. 2006) .........................14

iv

*Sandoval v. Ali*, 34 F. Supp. 3d 1031 (N.D. Cal. 2014)...........................................15

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393 (9th Cir. 1986)20

*Smith v. Potter*, 513 F.3d 781 (7th Cir. 2008) ........................................................13

*Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir. 2012)....................................17

*Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914 (9th Cir. 2012) ........................................................................................................................13

*United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139 (9th Cir.2011) .......................................................................................................... 12, 13

*Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241 (9th Cir. 1999). ......................................................................................................................11

*Young-Henderson v. Spartanburg Area Mental Health Ctr.*, 945 F.2d 770 (4th Cir. 1991) ......................................................................................................................14

*Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1134 (C.D. Cal. 2010) .................18

**Statutes**

28 U.S.C. § 1291 .....................................................................................................4

28 U.S.C. § 1331, 1343 and 1367 ..........................................................................4

42 U.S.C. § 1983 .................................................................................................1, 8

42 U.S.C. § 1985 .....................................................................................................7

42 U.S.C. § 2000 .................................................................................................4, 7

**Rules**

Fed. R. App. P. 4 .....................................................................................................4

Federal Rule 12 ........................................................................................ 2, 4, 7, 18

Federal Rule of Civil Procedure 15 ....................................................................3, 20

**Constitutional Provisions**

14th Amendment to the U.S. Constitution................................................................7

# INTRODUCTION

Taylor Barlow ("Taylor") began his employment with the Town of Colorado City ("Town") on August 15, 2016, as a Utah-certified police officer. The Town operates a dual-certified police department that provides law enforcement services in Utah and Arizona.

In October 2017, the Town submitted an application to the Arizona Peace Officer Standards and Training Board ("AZPOST") so Taylor could be certified in Arizona.

On December 17, 2017, the application for certification was denied by AZPOST. Taylor continued his employment with the Town as a Utah-certified police officer. During his employment, Taylor filed suit in the U.S. District Court claiming that AZPOST violated his 14th Amendment due process and equal protection of the law ("Prior Action").[1] Taylor alleged that AZPOST engaged in wrongful conduct in violation of 42 U.S.C. § 1983 by denying him certification without justification. *Id*. The Prior Action was filed on July 9, 2020, and all Taylor's claims were dismissed on February 23, 2021. Excerpts of Record ("ER") ER-154. The Town was not a party to the Prior Action.

---

[1] United States District Court for the District of Arizona, Case No. 2:20-cv-01358-SRB, (*See* ER 134-152).

1

On May 3, 2022, Taylor's employment with the Town was terminated without warning by the Town's Police Chief Robbins Radley ("Radley"). At the time of Taylor's termination, the Town advertised employment opportunities for police officers certified in Utah **_or_** Arizona.

On July 19, 2023, Taylor filed this action against the Town for wrongful termination ("Current Action"). AZPOST is not a party to the Current Action.

Claim Preclusion.

The Town filed a motion to dismiss under Rule 12(b)(6). The district court granted the Town's motion on the grounds of claim preclusion, stating that claims in the Prior Action and Current Action are identical in that they arose out of the same transactional nucleus of facts.

The district court erred in its ruling by ignoring the "*bright-line rule*" that → "**res judicata does not apply to events post-dating the filing of the initial complaint**."

The district court also erred in ruling that AZPOST and the Town are in privity because they shared a commonality of interest in the Prior Action. The district court failed to recognize in the Prior Action that AZPOST and the Town's interest were adversarial. The Town was interested in certifying Taylor and AZPOST denied the Town's application and did not permit the Town to file the appropriate waiver.

2

_Monell_ Standard.

The district court also granted the Town's motion on the grounds that Taylor failed to satisfy the _Monell_ standard for holding the Town liable.

The district court erred in its ruling because Taylor satisfied the _Monell_ liability standard. The Town has a custom or policy to remove all police officers affiliated with the FLDS. This custom is evident in the U.S. District Court Decree in the case between United States and the Town.[2] It is also evident by statements made in several news publications that the Town has a policy to remove such officers and that such policy was carried-out by the Town's Police Chief. ER-69-76

Rule 15 – Amended Pleadings.

The district court further erred when it held that Taylor did not provide specific facts to support the allegation that the Town had a custom or policy to remove all police officers affiliated with the FLDS. The district court abused its discretion when it did not permit Taylor to amend the pleadings on the grounds that his wrongful termination cannot be cured. Ruling that the Town cannot employ Taylor as a police officer under Arizona law.[3]

---

[2] U.S. District Court Case No. 3:12-cv-8123-HRH "The United States District Court for the District of Arizona has held that the City of Hildale and the Town of Colorado City engaged in illegal discrimination on the basis of religion."
[3] The district court incorrectly assumed that the Town cannot employ an officer unless certified in Arizona.

3

The district court clearly erred because Taylor continued his employment as a Utah-certified police officer for the Town for another four and one-half (4-1/2) years after he was denied certification in Arizona.

Therefore, the district court's ruling should be reversed.

## JURISDICTIONAL STATEMENT

The United States District Court for the District of Arizona ("District Court") had jurisdiction over all the claims of the Appellant, Taylor E. Barlow pursuant to 28 U.S.C. § 1331, 1343 and 1367 (a), as this action involves federal statutory violations under 42 U.S.C. § 2000e through 2000e-17. The Appellant was wrongfully terminated by his employer, the Appellee, Town of Colorado City.

The United States Court of Appeals for the Ninth Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. This appeal concerns an appeal from a final judgment of the District Court.

On April 16, 2024, the District Court issued an order ("Order") granting Appellees' Motion to Dismiss under Federal Rule 12(b)(6), ER-6—17.

The Appellant filed a Notice of Appeal on May 15, 2024, pursuant to Fed. R. App. P. 4(a)(1)(A). ER-3—4. The filing of the Notice of Appeal was within thirty (30) days of the entry of the District Court's Order granting Appellee's Motion to Dismiss and was therefore timely.

The District Court's Order constitutes final judgment that disposed of all the claims of all the parties. ER-5.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.      Did Taylor's termination by the Town arise out of the same transactional nucleus of operative facts as AZPOST's denial of Arizona certification?

2.      Did the Town and AZPOST have a commonality of interests in the Prior Action?

3.      Is the Town liable for the Police Chief's actions when he wrongfully terminated Taylor's employment?

4.      Did the district court abuse its discretion by dismissing Taylor's claims without allowing him leave to amend his complaint?

## STATEMENT OF THE CASE

**Relevant Facts**.

The Town operates a duel-certified police department that provides police services in Utah <u>and</u> Arizona. ER-169 ¶ 24.

Taylor is a Utah-certified police officer and he began his employment with the Town on August 15, 2016, working as a police officer. ER-169 ¶ 23.

The Town wanted Taylor to be certified as a police officer in Arizona. ER-169 ¶ 24. The Town submitted an application on Taylor's behalf to AZPOST for certification. ER-169 ¶¶ 25—28.

On December 17, 2017, AZPOST denied Taylor's application for certification. ER-170 ¶ 29. Despite being denied certification in Arizona, Taylor continued his employment with the Town as a Utah-certified police officer for another four and a half (4-1/2) years. ER-170 ¶ 36.

In early 2022, the Radley was in the process of submitting another application for Taylor when AZPOST Executive Director Matt Giordano informed Radley that AZPOST would deny the application and the Town's waiver regardless of Taylor's qualifications. ER-170 ¶ 35.

On May 3, 2022, Radley terminated Taylor's employment with the Town. ER-170 ¶ 36. The Town ratified Radley's conduct in connection with the termination. Shortly after termination, the Town advertised an employment opportunity for a police officer. The advertisement states that the Town prefers applicant to be certified in Utah **_OR_** Arizona. ER-90.

**Procedural History**.

As a result of his wrongful termination, Taylor served a Notice of Claim on Matt Giordano (Executive Director of AZPOST) and the Town on August 2, 2022. ER-182—184. The Town did not respond to the Notice of Claim. ER-168 ¶ 20.

6

Taylor filed charges of employment discrimination in violations of Title VII of the Civil Rights Act of 1964, as amended, with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 540-2022-05416, on September, 27, 2022. The EEOC issued a Notice of Right to Sue letter, which Taylor received on April 26, 2023. ER-186.

Taylor filed his complaint in the United States District Court on July 19, 2023. ER-165. Taylor alleged that the Town and Giordano wrongfully terminated his employment pursuant to 42 U.S.C. §§ 2000e through 2000e-17, 42 U.S.C. § 1985(3), and the 14th Amendment to the U.S. Constitution. ER-165 ¶ 17.

On October 27, 2023, Taylor filed a Motion for Voluntary Dismissal of Defendant Matt Giordano without prejudice. ER-19. The district court granted Taylor's motion on January 25, 2024. ER-18.

On August 15, 2023, the Town filed a motion to dismiss under Federal Rule 12(b) 6. ER-91—103. The Town asserted five arguments as to why Taylor's claims should be dismissed.

The Town claimed that Taylor's wrongful termination action should be dismissed because, (1) Taylor's Complaint fails to meet the pleading requirements as set forth in *Twombly* and *Iqbal*; (2) Taylor has previously litigated his claims in court and the Town is in privity with the previous defendants, thus asserting the doctrine of claim preclusion; (3) the claims and facts alleged have already been

litigated and resolved in court, asserting the doctrine of issue preclusion; (4) Taylor cannot satisfy *Monell* standard to hold the Town liable; and, (5) there is no valid § 1983 claim. ER-94—95.

Taylor responded by arguing that the Town's motion should be denied because, (1) Taylor met the Rule 8 Pleading Standard; (2) the Town's argument for claim preclusion fails because the claims in the Current Action are not identical to the claims in the Prior Action, and the Town is not in privity with AZPOST in a Prior Action because their interests were adversarial; (3) issue preclusion does not apply because the issues in the Prior Action were entirely different then the issues in a Current action; (4) Taylor satisfied the *Monell* liability standard because the Town has a custom to remove all police officers that were affiliated with the FLDS religion[4]; and (5) that Taylor has a valid § 1983 claim. ER-31—41.

The district court dismissed the case on the basis of claim preclusion. ER-11—14.  The district court also dismissed the case on the grounds that the complaint did not satisfy the requirements to hold the Town liable under the *Monell*[5] standard. ER-15—16.  The district court did not permit Taylor to amend his pleadings on the grounds that the Town cannot employ Taylor as a police officer under Arizona law. ER-14 ¶¶ 17—28.

─────────────────────

[4] Fundamentalist Church of Jesus Christ of Latter Day Saints.
[5] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

## SUMMARY OF THE ARGUMENT

In dismissing the case, the district court ruled that Taylor's claims are barred under the doctrine of claim preclusion—ruling that the previous case between Taylor and AZPOST arose of the same transactional nucleus of operative facts. ER-11—14. The district court erred in reaching this conclusion because Taylor's wrongful termination occurred four and a half (4-1/2) years after he was denied certification in Arizona. (Taylor was denied certification on December 17, 2017. (ER-170 ¶ 29); and was terminated on May 3, 2022 (ER-170 ¶ 36)).

The district court also erred in ruling there was privity between AZPOST and the Town in the Prior Action.  The district court claimed that the parties have a sufficient commonality of interests in the Prior Action.  The district court erred in reaching this conclusion because it failed to recognize in the Prior Action that AZPOST and the Town's interest were adversarial in nature. The Town submitted the application on Taylor's behalf and AZPOST denied certification. ER-169 ¶¶ 25—28. AZPOST's position was also adversarial to the Town because it did not allow the Town the opportunity to submit the applicable waivers for certification. ER-127 (footnote 3).

The district court further erred in ruling that Taylor's complaint did not meet the *Monell* standard holding the Town liable. Taylor alleged that the Town has a custom or policy to remove all police officers affiliated with the FLDS religion.

ER-174 ¶¶ 61—62.  The Town's custom or policy is evident by the false allegation that Taylor was terminated because the Town cannot employ non-Arizona certified officers.  Taylor continued his employment with the Town as a Utah-certified officer for four and a half (4-1/2) years after his Arizona application was denied.

Even if Taylor's complaint was insufficient to meet the *Monell* standard, the district court abused its discretion when it did not allow Taylor the opportunity to amend his pleadings. ER-14 ¶¶ 17—28.  The district court ruled that amending the pleadings cannot be cured on the grounds that the Town cannot employ Taylor as a police officer under Arizona law. *Id*. This ruling is flawed because Taylor remained employed by the Town as a Utah-certified police officer four and a half (4-1/2) years after being denied Arizona certification. ER-170 ¶ 29; ER-170 ¶ 36.

## STANDARD OF REVIEW

"Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo." *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011).

"All of the facts alleged in the complaint are presumed true, and the pleadings are construed in the light most favorable to the nonmoving party." *Bates ex rel. Bates v. Mortg. Elec. Registration Sys.*, 694 F.3d 1076, 1080 (9th Cir. 2012).

10

"We review for abuse of discretion a district court's refusal to grant leave to amend after a responsive pleading has been filed." *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999).

## ARGUMENT

The district court ruled that Taylor's claims were barred under the doctrine of claim preclusion and that Taylor failed to meet the liability standard in *Monell*. The district court did not allow Taylor to amend the pleadings. The district court did not analyze issue preclusion. Therefore, this appeal will address **claim preclusion**, the ***Monell* standard** of liability and **Rule 15(a)**.

## I. THE DISTRICT COURT ERRED WHEN IT DISMISSED THE COMPLAINT UNDER THE DOCTRINE OF CLAIM PRECLUSION.

The district court erred when it ruled that Taylor's claims were barred under the doctrine of claim preclusion. The district court erred when it stated that the Prior Action and the Current Action arose out of the same transactional nucleus of facts.

"Claim preclusion requires three things: **(1)** identity of claims; **(2)** a final judgment on the merits; and **(3)** the same parties, or privity between the parties." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (emphasis added).

The Town ***must*** meet all three requirements in order for claim preclusion to apply. The district court erred in its ruling that the Town met its burden.

11

To begin, it is clear that the Prior Action and the Current Action do not have identical claims. In the Prior Action, Taylor asserted claims against AZPOST for denying his application to become certified as a police officer in Arizona. The Town was not a defendant in the Prior Action, nor could it have been, since AZPOST retains all authority to grant or deny certification in Arizona. In the Current Action, Taylor asserted a claim against the Town for wrongful termination. AZPOST is not a defendant, nor could it have been, because Taylor was employed by the Town—*not AZPOST*.

A.  **IDENTITY OF CLAIMS – The Prior Action and the Current Action did NOT arise out the same transactional nucleus of operative facts because claim preclusion does not apply to events post-dating the filing of the initial complaint.**

"A court is to apply four criteria to decide whether there is an identity of claims: '(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir.2011)). "The fourth criterion is the most important." *Id*.

Here, the district court's ruling focused on the fourth criterion. That is, the district court held that Prior Action and the Current Action arose out of the same transactional nucleus of facts, claiming that this was Taylor's third case arising out of AZPOST's denial of his certification. The District Court erred in its ruling.

"[T]he inquiry about the 'same transactional nucleus of facts' is the same inquiry as whether the claim could have been brought in the previous action." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017) (quoting *United States v. Liquidators of European Fed. Credit Bank,* 630 F.3d 1139, 1151 (9th Cir. 2011)).

"[W]hether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." *Id*. (quoting *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012), and *ProShipLine Inc. v. Aspen Infrastructures Ltd*., 609 F.3d 960, 968 (9th Cir. 2010)).

In *Howard*, the court answered the question and adopted the bright-line rule held in other circuits. *Id*. The **rule** is "that res judicata does not apply to events post-dating the filing of the initial complaint." *Id*. (citing *Morgan v. Covington Twp*., 648 F.3d 172, 177–78 (3d Cir. 2011); see also *Bank of N.Y. v. First Millennium, Inc*., 607 F.3d 905, 919 (2d Cir. 2010); *Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008); *Rawe v. Liberty Mut. Fire Ins. Co*., 462 F.3d 521, 529–30 (6th

13

Cir. 2006); *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000);

*Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992); cf. *Young-*

*Henderson v. Spartanburg Area Mental Health Ctr*., 945 F.2d 770, 774 (4th Cir.

1991) (emphasis added).

     In *Howard*, the court stated that "we agree that a bright-line rule which asks

only whether a claim could have been brought at the time the operative complaint

in the prior suit was filed is appropriate." *Id*. at 1040.  The court in *Howard*

confirmed and firmly held that, "claim preclusion does not apply to claims that

accrue <u>*after*</u> the filing of the operative complaint." *Id.* (emphasis added).

     Applying the "==***bright-line rule***==" here in the present case, it is clear that the

claims in Prior Action are not identical to the claim in the Current Action. Taylor's

claim against AZPOST in the Prior Action was based on AZPOST's denial of his

application on December 17, 2017.  Taylor filed the initial complaint in the Prior

Action on July 9, 2020. Taylor could not have brought his wrongful termination

claim against the Town because he was still employed and remained employed

with the Town as a Utah-certified police officer two years after the Prior Action

was initiated.

     Thus, Taylor's wrongful termination claim against the Town arose from

events that occurred two years after he filed his initial complaint against AZPOST.

Therefore, Taylor's claims against the Town in the Current Action is not barred

because claim preclusion does not apply to events post-dating the filing of the initial complaint in the Prior Action.

**B.** **PRIVITY – There is no privity between AZPOST and the Town because the Town and AZPOST's interests in the Prior Action were adversarial.**

District Court erred in ruling that the Town held a commonality of interest to establish privity between the Town and the defendants (AZPOST) in the Prior Action.

"Privity is based on 'whether the non-party is sufficiently close to the original case to afford application of the principle of preclusion.'" *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1042 (N.D. Cal. 2014) (quoting *People v. Drinkhouse*, 4 Cal.App.3d 931, 937, 84 Cal.Rptr. 773 (1970)).

"A party's representation of a nonparty is 'adequate' for preclusion purposes only if, at a minimum: (1) the interests of the nonparty and the representative are aligned; and (2) either the party understood itself to be acting in a representative capacity." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132–33 (9th Cir. 2012) (brackets omitted).

Here, the Town's and AZPOST's interests were not aligned. In the Prior Action, the Town submitted the application for certification and, if allowed by AZPOST, would have been the party to submit waivers on behalf of Taylor.  In the

15

Prior Action, AZPOST took an adversarial position against the Town by denying the application.

The district court erred when it misapplied the facts and law with respect to privity as applied to claim preclusion. For privity to apply, the party and the non-party's interests must be aligned to represent the same interests and the same legal right.

If anything, the Town's interests were aligned with, and were represented by, Taylor (the plaintiff) in the Prior Action. AZPOST's interests in the Prior Action differed and were adversarial to the Town's due to the fact that AZPOST denied the Town's application to certify Taylor and did not allow it to file the waivers.

Therefore, the district court erred when it ruled that the Town held a commonality of interest with AZPOST to establish privity for purposes of claim preclusion.

## II.   THE DISTRICT COURT ERRED IN RULING THAT TAYLOR FAILED TO SATISFY THE *MONELL* STANDARD HOLDING THE TOWN LIABLE.

The district court erred when it ruled that Taylor cannot satisfy the *Monell* standard of liability.

16

**A. Taylor satisfied the *Monell* liability standard because the Town has a custom or policy to remove all police officers affiliated with the FLDS and Police Chief Radley has final-policy making authority to hire and fire the Town's police officers.**

"A *Monell* claim can be established in one of three ways." *Est. of Osuna v. Cnty. of Stanislaus*, 392 F. Supp. 3d 1162, 1172 (E.D. Cal. 2019).

"First, a local government may be held liable when it acts 'pursuant to an expressly adopted policy.'" *Id*. (citing *Monell*, 436 U.S. at 694, 98 S.Ct. 2018).

"A governmental policy is 'a deliberate choice to follow a course of action ... by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)).

"Second, a public entity may be held liable for a 'longstanding practice or custom.'" *Id*. (quoting *Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1143 (9th Cir. 2012)).

"Third, a local government may be held liable . . . when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Id*. (quoting *Clouthier v. County of Santa Clara*, 591 F.3d 1232, 1250 (9th Cir. 2010)).

17

Here, the district court addressed two areas of the analysis in its ruling: (1) the Town's custom or policy, and (2) the Radley's final policy-making authority.

The district court's ruling focused on the factual allegations in the complaint posing a heavy burden on Taylor beyond the pleading requirements under a Rule12(b)(6) motion.

When a claim is challenged under Rule 12(b)(6) "the court must accept all factual allegations pleaded in the complaint as true, and construe them and draw all reasonable inferences from them in favor of the nonmoving party." *Yumul v. Smart Balance, Inc*., 733 F. Supp. 2d 1134, 1137 (C.D. Cal. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"If it is at all plausible (beyond a wing and a prayer) that a plaintiff would succeed if he proved everything in his complaint, the case proceeds." *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018).

18

The district court erred in its ruling by placing Taylor (the pleader) with a burden beyond the *Twombly* and *Iqbal* pleading thresholds. The pleading must contain enough information "to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). The pleader must demonstrate that their allegations show they are entitled to relief, and thus are sufficient to proceed through the litigation process. *Id*.

Here, the Town clearly understands the claims made by Taylor in his complaint. The Town's police department has an unwritten custom or policy to discriminate against any police officer affiliated, or perceived affiliation, with the FLDS Religion, including any former FLDS members.

The allegation of this unwritten custom or policy stems directly from U.S. District Court Case No. 3:12cv8123-HRH. (referenced above) This policy naturally trickles down to Police Chief Radley and his final-policy making decisions to hire and fire the Town's police officers.

It is also reasonable to assume that Town's policy, since the U.S. District Court case, is to remove any person affiliated with the FLDS region from the Town's police force. It is also reasonable to assume that Radley is best situated to carry-out the policy to remove any police officer affiliated with the FLDS religion and to carry such policy to its fruition.

### III. THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT RULED THAT TAYLOR WAS NOT PERMITTED TO AMEND HIS COMPLAINT

#### A. <u>The Town was not required to terminate Taylor's employment for the sole fact that he was not certified in Arizona.</u>

The District Court erred when it dismissed all of Taylor's claims and abused its discretion when it did not permit Taylor to amend his complaint.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."

"Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend freely when justice so requires." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

The Ninth Circuit Court of Appeals has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id*.

"It is of no consequence that no request to amend the pleading was made in the district court." *Schreiber Distrib. Co. v. Serv-Well Furniture Co*., 806 F.2d 1393, 1401 (9th Cir. 1986).

Here in this case, the district court ruled that it will not permit Taylor to amend his complaint. The district court ruled that Taylor's wrongful termination

claim cannot be cured because the Town cannot employ Taylor as a police officer under Arizona law.

The error in the district court's ruling two-fold:

**(1)** Taylor was denied Arizona certification in December 2017. Taylor remained employed by the Town as a Utah-certified police officer for four and a half (4-1/2) years after his denial;

**(2)** The Town offered and continues to offer employment for police officers certified in Utah **_OR_** Arizona. This fact is clearly shown and is undisputed. There is no requirement by the Town that every police officer employed by the Town must be certified in Arizona.

Both reasons clearly show that the Town was not required to terminate Taylor's employment for the sole fact that he was not an Arizona-certified police officer. Therefore, this Court should reverse the district court's ruling.

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be reversed holding that Taylor's claims are not barred under the doctrine of claim preclusion and that Taylor satisfied the *Monell* liability standard.

Date: June 25, 2024

The Barlow Law Firm, LLC

_/s/ Matthew Barlow_
Matthew I. Barlow
*Attorney for Appellant Taylor E. Barlow*

21

## STATEMENT OF RELATED CASES

The undersigned attorney or self-represented party states the following:

[x]    I am unaware of any related cases currently pending in this court.

[ ]    I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[ ]    I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature** /s/ Matthew I. Barlow _____ **Date** _____ June 25, 2024 _____

22

## CERTIFICATE OF COMPLIANCE FOR BRIEFS

I am the attorney or self-represented party.

**This brief contains __ 4,587 __ words,** including _____ words manually counted in any visual images, and excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[x] complies with the word limit of Cir. R. 32-1.

[  ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[  ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[  ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[  ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
[  ] it is a joint brief submitted by separately represented parties;
[  ] a party or parties are filing a single brief in response to multiple briefs; or
[  ] a party or parties are filing a single brief in response to a longer joint brief.

[  ] complies with the length limit designated by court order dated _____.

[  ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** __/s/ Matthew I. Barlow_____ **Date** _____ June 25, 2024 _____

23

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Signature**  /s/ Matthew I. Barlow                **Date**        June 25, 2024

24