No. 24-3118
_____

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

Taylor E. Barlow,

*Plaintiff-Appellant*,

v.

Town of Colorado City,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the District of Arizona
Case No. 3:23-cv-08506-SMB
The Honorable Susan M. Brnovich

_____

## APPELLANT'S REPLY BRIEF

_____

Matthew I. Barlow
The Barlow Law Firm, LLC
HC 65 Box 537
3285 S. Hwy 389, #101
Fredonia, Arizona 86022
Tel: (928) 857-7500
Fax: (928) 779-2588
Email: matt@barlowlawgroup.com
*Attorney for Plaintiff-Appellant Taylor E. Barlow*

# TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES** ................................................................. iii

**INTRODUCTION** .............................................................................. 1

**STANDARD OF REVIEW** ................................................................. 3

**ARGUMENT** ....................................................................................... 4

    I.    THE TOWN WAS NOT REQUIRED TO TERMINATE TAYLOR'S EMPLOYMENT BECAUSE HE IS NOT CERTIFIED IN ARIZONA. ................................................................................. 4

    II.    CLAIM PRECLUSION ................................................................. 5

        A.    Claim preclusion does not apply to events post-dating the filing of the initial complaint. ........................................... 5

        B.    The remaining three factors regarding Identity of Claims do not support claim preclusion. ........................................... 7

        C.    The Town's interest in the Prior Action did not align with AZPOST ............................................................................. 8

    III.    Taylor satisfied the *Monell* liability standard ...................... 9

        A.    The Town has fair notice of Taylor's claim and the grounds upon which it rests. ................................................. 9

        B.    The Town has a custom or policy to remove all law enforcement officials affiliated with the FLDS religion........... 10

        C.    Radley is a Town official that has final policy-making decisions with respect to the Town's police department. ......................... 12

    IV.    JUSTICE REQUIRED TAYLOR LEAVE TO AMEND HIS COMPLAINT .................................................................... 14

**CONCLUSION** ................................................................................. 16

**CERTIFICATE OF COMPLIANCE FOR BRIEFS** .........................................17

**CERTIFICATE OF SERVICE** ..............................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barone v. City of Springfield, Oregon*, 902 F.3d 1091 (9th Cir. 2018)...................12

*Bates ex rel. Bates v. Mortg. Elec. Registration Sys.*, 694 F.3d 1076 (9th Cir. 2012) .........................................................................................................................3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)................................................9, 10

*City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) ..............................................12

*Dougherty v. City of Covina*, 654 F.3d 892 (9th Cir. 2011) ......................................3

*Eubanks v. F.D.I.C.*, 977 F.2d 166 (5th Cir. 1992) ...................................................9

*Foman v. Davis,* 371 U.S. 178 (1962) .....................................................................15

*Harris v. Cnty. of Orange*, 682 F.3d 1126 (9th Cir. 2012).............................. 5, 6, 8

*Howard v. City of Coos Bay*, 871 F.3d 1032 (9th Cir. 2017) .......................... 2, 6, 7

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).........................................................15

*McKinley v. City of Eloy*, 705 F.2d 1110 (9th Cir. 1983)........................................13

*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)........ 10, 11

*Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985 (9th Cir. 2005) .......................6

*ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960 (9th Cir. 2010).........6

*Roth v. Garcia Marquez*, 942 F.2d 617 (9th Cir.1991) ...........................................15

*Singleton v. Wulff, 428 U.S.* 106 (1976) ...................................................................5

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002)................................................10

*Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914 (9th Cir. 2012) ......................................................................................................................6

*United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139 (9th Cir.2011) ................................................................................................................6

iii

*Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241 (9th Cir. 1999) .......................................................................................................3

**Statutes**

42 U.S.C. § 1983 ................................................................................... 12, 13

**Other Authorities**

AZPOST Rule R13-4-103(G) ....................................................................1

**Rules**

Federal Rule 12(b)(6) ............................................................................3, 11

Federal Rule 15 .........................................................................................3

Federal Rule 8 .........................................................................................11

Federal Rule of Civil Procedure 15(a) ...................................................17

Federal Rule of Civil Procedure 8(a)(2) ................................................11

## INTRODUCTION

In its answering brief, the Town of Colorado City (the "Town" or "Appellee") attempts to play the "*good guy*" and claim that it kept the Appellant Taylor E. Barlow ("Taylor") employed for another 4-1/2 years after AZPOST denied Taylor certification. The Town's arguments are created out of convenience and unpersuasive.

The Prior Action[1] concluded on February 10, 2022 with the appellate court filed its memorandum. ER-154—158. The Town was not waiting for the appeal to conclude because it terminated Taylor's employment in May. The Town was in the process of submitting another application for certification in Arizona under Arizona Peace Officer Standards and Training Board ("AZPOST") Rule R13-4-103(G). The Town reversed direction and terminated Taylor's employment after a conversation between Chief Marshal Robbins Radley ("Radley") and AZPOST Director, Matt Giordano. Taylor's continued employment with the Town had nothing to do with the Town's alleged "*show of goodwill*."

The Town also claims that it could not employ Taylor because this was Taylor's third attempt to seek retribution for AZPOST's denial. The Present

---

[1] U.S. District Court for the District of Arizona, Case No. 2:20-cv-0135-SRB ("Prior Action"). ER-134—152.

1

Action[2] is Taylor's first attempt for wrongful termination against the Town. Taylor does not have a present claim against AZPOST for denying certification. The Prior Action was dismissed on the grounds that Taylor (the Plaintiff) did not satisfy the statute of limitations for actions against public entities. The evidence was never applied and the case was dismissed on procedural grounds.

Claim Preclusion.

The Town also argues that claim preclusion applies to this case. The Town ignores the bright-line rule adopted by nearly every U.S. appellate court, most notably the Ninth Circuit. The bright-line rule is that "**res judicata does not apply to events post-dating the filing of the initial complaint**." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017). Plain and simple. The Town's wrongful termination occurred 2 years after Taylor filed his complaint against AZPOST.

Monell Liability.

Chief Marshal Radley has final policy-making authority, specifically when it comes to the Town's police department and the decisions regarding the its police officers.

The Town's argument regarding the *Monell Standard*, aims at avoiding discovery and sidestep the pleading standard set in Rule 8. The Defendant Town

---

[2] U.S. District Court for the District of Arizona, Case No. 2:23-cv-08506-SMB ("Present Action" or "this case"). ER-165—179.

2

understands, and has fair notice of, the grounds upon which Taylor's claim rests. The Town understands the players involved and their discriminatory actions. Simply put, the Town is using Rule 12(b)(6) as a procedural tool to protect it from discovery that will show the Town liable.

Rule 15.

Even if the complaint is insufficient, as asserted by the Town, justice requires that Taylor should be allowed the opportunity to amend his compliant to cure any deficiencies.

Therefore, the district court's ruling should be reversed.

## STANDARD OF REVIEW

"Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo." *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011).

"All of the facts alleged in the complaint are presumed true, and the pleadings are construed in the light most favorable to the nonmoving party." *Bates ex rel. Bates v. Mortg. Elec. Registration Sys.*, 694 F.3d 1076, 1080 (9th Cir. 2012).

"We review for abuse of discretion a district court's refusal to grant leave to amend after a responsive pleading has been filed." *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999).

## ARGUMENT

## I. THE TOWN WAS NOT REQUIRED TO TERMINATE TAYLOR'S EMPLOYMENT BECAUSE HE IS NOT CERTIFIED IN ARIZONA.

The Town tries to elude the fact that it is a dual-certified police department that provides law enforcement services for both Colorado City, Arizona and Hildale, Utah.[3]  These two towns are effectively merged together with no real visual border when crossing state lines.



Although the Colorado City / Hildale City Police Department prefers its officers to be certified in Utah and Arizona, it is not a requisite to employment as a police officer.  This fact is shown by the Town's offered employment of Deputy

---

[3] Colorado City Marshal's Office is now "Colorado City – Hildale City Police Department". ER-72

4

Police Officers (ER-89—90), and when Taylor remained employed as a police officer for more than 5 years while being certified *only* in Utah.

The Town claims that it was required to terminate Taylor's employment because he was not certified in Arizona. In its motion to dismiss, the Town claimed that it could not employ Taylor under Arizona law, yet Taylor was employed for 5 years as an deputy officer certified *only* in Utah.

The general rule is that an appellate court does not consider an issue not raised in the trial court. *Singleton v. Wulff, 428 U.S.* 106, 120 (1976).

On appeal, the Town now claims that its officers must be certified in both states. The Town relies on a document it now presents for the first time on appeal. SER-9. However, such policy contradicts the Town's offered employment and should not be considered.

## II.   CLAIM PRECLUSION

"Claim preclusion requires three things: (**1**) identity of claims; (**2**) a final judgment on the merits; and (**3**) the same parties, or privity between the parties." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (emphasis added).

The Town ***must*** meet <u>all three requirements</u> in order for claim preclusion to apply. The Town failed to meet its burden.

### A.   <u>Claim preclusion does not apply to events post-dating the filing of the initial complaint.</u>

The Town's argument that claim preclusion applies here is unpersuasive.

5

"A court is to apply four criteria to decide whether there is an identity of claims: '(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" *Id*. (citing *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir.2011). The "same transactional nucleus of facts" is one of the criterion and is considered "the most important." *Id*.

The Ninth Circuit has "often held the common nucleus criterion to be outcome determinative under the first res judicata element." *Mpoyo v. Litton Electro-Optical Sys*., 430 F.3d 985, 988 (9th Cir. 2005).

"[W]hether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts **and** whether they could conveniently be **tried together**." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017) (quoting *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012), and *ProShipLine Inc. v. Aspen Infrastructures Ltd*., 609 F.3d 960, 968 (9th Cir. 2010)) (emphasis added).

In *Howard*, the Ninth Circuit adopted the Bright-Line Rule → "**res judicata does not apply to events post-dating the filing of the initial complaint**." *Id*.

The *Howard* court firmly held that, "claim preclusion does not apply to claims that accrue *after* the filing of the operative complaint." *Id.* (emphasis added).

The facts are clear:

**(1)** Taylor's <u>prior claim</u> against AZPOST was based on <u>AZPOST denying him certification</u> and Taylor filed the initial complaint on July 9, 2020.

**(2)** Taylor's <u>present claim</u> against the Town is based on the <u>Town's wrongful termination</u> that occurred on May 3, 2022.

### B.     <u>The remaining three factors regarding Identity of Claims do not support claim preclusion.</u>

The Town's arguments regarding the remaining factors do not support claim preclusion and are unpersuasive, inaccurate and speculative.

The Prior Action was based on AZPOST's denial of his Arizona certification. The Town had no injury, causation or redressability. The Town has not shown that it had standing in the Prior Action.

Therefore, the Town's interest in the Prior Action, or the lack thereof, could not be destroyed or impaired.

Second, the Town asserts that both actions will rely on the same evidence. The Town's argument is purely speculative. On an outward view, the complaints may have some minor similarities. However, if the present case were to proceed, it would produce dissimilar material evidence and witnesses.

7

Although both actions mention discrimination, the Prior Action is against AZPOST for denying certification and the Present Action is against the Town for wrongful termination. Two unrelated causes of action against two unrelated defendants.

### C. The Town's interest in the Prior Action did not align with AZPOST.

"A party's representation of a nonparty is 'adequate' for preclusion purposes only if, at a minimum: (1) the interests of the nonparty and the representative are aligned; and (2) either the party understood itself to be acting in a representative capacity." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132–33 (9th Cir. 2012) (brackets omitted).

In its answering brief, the Town cites an unpublished case in North Carolina to provide instruction to this Court. The North Carolina case is unpersuasive and nothing more than a desperate attempt to claim that the Town and AZPOST's interests were aligned in the Prior Action.

The Town also changed its position by *now* claiming it was a neutral party and served as a liaison between AZPOST and Taylor. The Town asserts contrary positions of both neutral to, and aligned with, AZPOST.

"It is well-settled that, under certain circumstances, a judgment may bar a subsequent action by a person who was not a party to the original litigation."

8

*Eubanks v. F.D.I.C.*, 977 F.2d 166, 170 (5th Cir. 1992). "[It] is not enough that the non-party may be interested in the same questions or proving the same facts." *Id.*

In the Prior Action, the Town submitted the application for Taylor's certification and, if allowed by AZPOST, would have been the party to submit waivers on Taylor's behalf. In the Prior Action, AZPOST's interests were adversarial to the Town. AZPOST denied Taylor certification and did not allow the Town to submit the qualifying waivers. In the Prior Action, AZPOST's interest did not align with the Town nor did AZPOST act in a representative capacity for the Town.

## III. TAYLOR SATISFIED THE *MONELL* LIABILITY STANDARD.

### A. <u>The Town has fair notice of Taylor's claim and the grounds upon which it rests.</u>

The Town claims that the complaint does not contain sufficient allegations of the underlying facts to give fair notice to the Town to enable it to effectively defend itself.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.* Rule 8 "simply calls for enough fact to raise a

reasonable expectation that discovery will reveal evidence of illegal," action. *Id*. at 556.

The Supreme Court has emphasized that the notice pleading standard is meant to facilitate a proper decision on the merits, and discovery plays a crucial role in achieving this by allowing parties to gather necessary facts. *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 512 (2002).  The Federal Rules do not use the pleading standard as a means to avoid discovery. *Id*.

The Town is asking the Court to place a heavy burden on Taylor beyond the pleading requirements.  As stated above, the pleading standard is not meant to be used as a procedural tool to avoid discovery when the Town understands and has fair notice of the grounds upon which Taylor's claim rests.

If the Town does not understand the claims, then Taylor should be given the opportunity to amend his complaint and cure any deficiencies.

**B.**     **The Town has a custom or policy to remove all law enforcement officials affiliated with the FLDS religion.**

A municipality "may be sued for constitutional deprivations . . . pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

The local government can be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Id*. at 694.

The Town has an unwritten custom or policy to remove all law enforcement officers affiliated with the Fundamentalist Church of Jesus Christ of Latter-Day Saints ("FLDS"). This unwritten custom or policy stems directly from U.S. District Court Case No. 3:12cv8123-HRH. The foregoing case was instituted to remove discriminatory actions of FLDS members. ER-39. Since April 2017, the Town instituted the polar opposite. The Town has a custom to change the stigma associated with the FLDS by removing all law enforcement officials affiliated with the FLDS[4] regardless of their qualifications. ER-71; ER-78 This policy is further evident when Taylor was wrongfully terminated. Taylor was the last officer appointed by the former Chief Marshal Jeremiah Darger who was also a member of the FLDS religion. ER-166 In the complaint, Taylor plausibly pled that the Town has a custom or policy to get rid of all law enforcement officials affiliated with the FLDS.

In conclusion, the Town clearly understands and has fair notice of the grounds of Taylor's claims. It is reasonable to conclude that Town's custom or

---

[4] ER-71

11

policy is to remove any person affiliated with the FLDS from the Town's police force.  It is also reasonable that the Town's Chief Marshal is positioned carry to out such policy.

### C.   Radley has final policy-making decisions with respect to the Town's police department.

A municipality can be held liable for a subordinate's wrongful termination of a city employee . . . if the actions of the subordinate can be shown to represent a city policy or custom. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988). This is especially the case when the subordinate holds a high enough position in the city to be considered a final policymaker. *Id*.

A city can be held liable if it can be demonstrated that the wrongful act was conducted by an official high enough that his or her actions represent a government decision. *Id*.

In *Barone v. City of Springfield, Oregon*, the court identified the city manager as the city's final policymaker concerning employee discipline. *Barone v. City of Springfield, Oregon*, 902 F.3d 1091, 1108 (9th Cir. 2018). This status meant that his actions in that area could subject the city to liability under § 1983 claims. *Id*.

Furthermore, "[a]n action or policy can be official if made by the municipality's law makers or by those whose edicts or acts may fairly be said to

represent official policy." *McKinley v. City of Eloy*, 705 F.2d 1110, 1116 (9th Cir. 1983) (quotations and brackets omitted).

In *McKinley*, the city was held liable under § 1983 because it had delegated to the city manager ultimate responsibility for personnel decisions. *Id*. The city manager's actions did not require approval by the city council and thus represented 'official city policy." *Id*.

The Town argues that Taylor's wrongful termination was an isolated act of an individual city employee (Radley) rather than the result of an official Town policy. The Town's argument in unpersuasive.

The Town is governed by an elected Town Council which is charged with making Town policy, and promulgating rules and regulations for personnel. However, Chief Marshal Radley is vested with ultimate responsibility for the hiring, firing, and management of the Town's law enforcement officials without approval of the Town Council.

Taylor has alleged that Chief Marshal Radley has final policymaking authority over employee discipline within the Town's police department. This is evident when Radley fired Taylor and the Town Counsel had "no role" in the decision. This fact is further evident in the Town's offered employment which displays Radley's name at the top, emphasizing the fact that he sets the policies for the Town's police department. ER-87; ER-89—90.

13

It is undeniable that Chief Marshal Radley is an official whose edicts or acts may fairly be said to represent official policy, specifically as it relates the Town's police department. Radley's wrongful termination was an official act that did not require the Town Council's approval. Therefore, the Town should be held liable for Radley's actions.

## IV. JUSTICE REQUIRED TAYLOR LEAVE TO AMEND HIS COMPLAINT

The district court abused its discretion when it did not allow Taylor to amend his complaint. The district court stated that granting Taylor leave to amend would be futile because the pleading could not possibly be cured by the allegation of other facts. The district court *only* ruled that additional allegations could not change the fact that the Town cannot employ Taylor unless certified in Arizona. The district court did not analyze leave to amend for any other purpose.

Here, Taylor has shown that the Town can employ officers certified in either Utah or Arizona. ER-90. Taylor was denied Arizona certification in December 2017, yet he remained employed as a Utah-certified police officer (4-1/2) years thereafter.

In regards to Taylor's constitutional claim, the district court did not bar his case from proceeding under issue preclusion. The district court ruled that claim preclusion applied so it did not analyze issue preclusion. As for any other issue regarding Taylor's leave to amend, Rule 15 states it should be freely given.

14

"Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend freely when justice so requires." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

It's an abuse of discretion if a court outright refuses leave to amend without any justifying reason, such as the presence of undue delay, bad faith, undue prejudice, or futility of amendment. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

"[O]utright refusal to grant the leave without any justifying reason . . . is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*

"A party should be afforded an opportunity to test his claim on the merits . . . unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal." *Id.* (citing *Roth v. Garcia Marquez*, 942 F.2d 617, 629 (9th Cir.1991)).

The Town offered and continues to offer employment for police officers certified in Utah **_OR_** Arizona.  This fact is undisputed.  There is no requirement by the Town that its police officers must be certified in Arizona.  If the complaint is insufficient to state a claim in any respect, then Taylor should be granted leave to amend.

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be reversed holding that Taylor's claims are not barred under the doctrine of claim preclusion and that Taylor satisfied the *Monell* liability standard. If the complaint is insufficient, then Taylor should be granted leave to amend.

Date: September 12, 2024

The Barlow Law Firm, LLC

*/s/ Matt Barlow*
Matthew I. Barlow
*Attorney for Appellant Taylor E. Barlow*

16

## CERTIFICATE OF COMPLIANCE FOR BRIEFS

I am the attorney or self-represented party.

**This Reply Brief contains __3,210__ words,** including _____ words

manually counted in any visual images, and excluding the items exempted by Fed.

R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P.

32(a)(5) and (6).

I certify that this brief *(select only one)*:

[x] complies with the word limit of Cir. R. 32-1.

[  ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[  ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[  ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[  ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [  ] it is a joint brief submitted by separately represented parties;
    [  ] a party or parties are filing a single brief in response to multiple briefs; or
    [  ] a party or parties are filing a single brief in response to a longer joint brief.

[  ] complies with the length limit designated by court order dated _____.

[  ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** __/s/ Matthew I. Barlow_____ **Date** __September 12, 2024__

17

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Signature**   /s/ Matthew I. Barlow                    **Date**    September 12, 2024